## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

CENTURY BANK,

    Plaintiff,

v.                                                Civ. No. 22-423 GJF/SMV

ADT COMMERCIAL LLC,

    Defendant.

### **ORDER DENYING PLAINTIFF'S MOTION FOR REMAND**

THIS MATTER is before the Court on Plaintiff's Motion for Remand [ECF 12] ("Motion"). The Motion is fully briefed. *See* ECFs 16 (response) and 22 (reply). For the following reasons, the Court will DENY the Motion.

On June 6, 2022, Defendant timely removed this case to this Court. *See* ECF 1 (Notice of Removal). Invoking the Court's jurisdiction under 28 U.S.C. § 1332, Defendant alleged that there is complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. ECF 1 at ¶¶ 5–10 ("Plaintiff is a citizen of New Mexico and [Defendant] is a citizen of Delaware and Florida[;] . . . Plaintiff claims damages in excess of $137,320.").

After informally seeking without success certain information that would confirm Defendant's citizenship, Plaintiff filed the instant Motion to challenge the propriety of removal. Plaintiff points to the lack of extrinsic evidence in Defendant's Notice and argues that Defendant failed to carry its burden of proving its citizenship beyond mere allegations. *See* ECF 12 at ¶¶ 5–9.

In reply, Defendant contends that it was under no obligation to attach any evidence or to make any other showing beyond its good faith allegations in the Notice. Nonetheless, Defendant attached a Declaration from its Vice President/Deputy General Counsel, the upshot of which is

that Defendant is a citizen of states other than New Mexico (the state of which Plaintiff is a citizen). *See* ECF 16, Exh. 1, ¶¶ 2-4.

"The burden of establishing proper removal jurisdiction falls on the party asserting diversity jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2022).  The removing party must prove removal is proper by a preponderance of the evidence.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).  Assuming without deciding that Defendant had any responsibility to offer extrinsic evidence in support of the citizenship allegations in its Notice, the Court finds on the basis of the declaration provided that diversity jurisdiction exists.[1]  For its part, Plaintiff appears to acknowledge as much.  *See* ECF 22 (Plaintiff acknowledging that declaration "appears to show diversity of citizenship between the parties").

The Court having assured itself of its own jurisdiction, **IT IS ORDERED** that the Motion is **DENIED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*

---

[1] Defendant is a limited liability company (LLC).  For diversity purposes, the citizenship of an LLC depends on the citizenship of all of its members.  *E.g., Siloam Springs Hotel, LLC v. Century Surety Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).  Here, Defendant is an LLC whose sole member is an LLC whose sole member is a company.  *See* ECF 16-1 at ¶¶ 2–4.  Defendant's citizenship thus depends on the company's citizenships, *see generally* 28 U.S.C. § 1332(c)(1), which are Delaware—where the company was incorporated—and Florida—where its principal place of business lies.  *See* ECF 16-1 at ¶ 4.